IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

VINCENT H. SMALL                                                                PLAINTIFF

v.              Civil No. 2:17-cv-02156

SHERIFF RON BROWN, Crawford                            DEFENDANTS
County, Arkansas; and MARC
MCCUNE, Prosecuting Attorney

## OPINION

Plaintiff, Vincent H. Small, filed this action pursuant to 42 U.S.C. §1983. He proceeds *pro se* and has filed an application to proceed *in forma pauperis*. The case is before the Court for preservice screening under the provisions of the Prison Litigation Reform Act (PLRA). Pursuant to 28 U.S.C. § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

## I.     BACKGROUND

According to the allegations of the complaint (ECF No. 1), Plaintiff was incarcerated in the State of Oklahoma in 2016. Plaintiff alleges that on April 21, 2016, Crawford County was notified of his imprisonment in Oklahoma, but that Crawford County did not lodge a detainer against him until April 1, 2017.

Plaintiff alleges his Sixth Amendment right to a speedy trial was violated by Defendants. Further, he alleges his Fourteenth Amendment Due Process rights were violated. Finally, he alleges Rule 29 of the Arkansas Rules of Criminal Procedure was violated.

1

Plaintiff names as Defendants the Crawford County Sheriff, Ron Brown, and prosecuting attorney, Mark McCune. He has sued them in their official capacities only.

Plaintiff is currently incarcerated in the Crawford County Detention Center. As relief, Plaintiff seeks compensatory damages, release from custody, and dismissal of the charges against him.

## II. LEGAL STANDARD

Under the PLRA, the Court is obligated to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted; or, (2) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

## III. DISCUSSION

Section 1983 provides a federal cause of action for the deprivation, under color of law, of a citizen's "rights, privileges, or immunities secured by the Constitution and laws" of the United States. In order to state a claim under 42 U.S.C. § 1983, a plaintiff must allege that the defendant acted under color of state law and that he violated a right secured by the Constitution. *West v. Atkins*, 487 U.S. 42 (1988); *Dunham v. Wadley*, 195 F.3d 1007, 1009 (8th Cir. 1999). The

deprivation must be intentional; mere negligence will not suffice to state a claim for deprivation of a constitutional right under § 1983. *Daniels v. Williams*, 474 U.S. 327 (1986); *Davidson v. Cannon*, 474 U.S. 344 (1986).

Plaintiff's claims are subject to dismissal for a number of reasons. First, the prosecuting attorney, Mark McCune, is immune from suit. The United States Supreme Court, in *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976), established the absolute immunity of a prosecutor from a civil suit for damages under 42 U.S.C. § 1983 "in initiating a prosecution and in presenting the State's case." *Id.*, at 427. This immunity extends to all acts that are "intimately associated with the judicial phase of the criminal process." *Id.*, at 430; *see also Buckley v. Fitzsimmons*, 509 U.S. 259 (1993) (Prosecutor acting as an advocate for the state in a criminal prosecution is entitled to absolute immunity while a prosecutor acting in an investigatory or administrative capacity is only entitled to qualified immunity).

As to Plaintiff's request for injunctive relief, prosecutors are not immune from claims for equitable relief. *Supreme Court v. Consumers Union*, 446 U.S. 719, 736-38 (1980). However, "[t]he federal courts should not interfere in state criminal court proceedings [by granting equitable relief] when state and federal law provide adequate legal remedies and when intervention needlessly threatens the principle of comity." *Smith v. Bacon*, 699 F. 2d 434, 437 (8th Cir. 1983) (per curiam) (citation omitted). Here, adequate legal remedies exist through the use of state procedural safeguards and state and federal habeas corpus proceedings. *Rogers v. Bruntrager*, 841 F. 2d 853, 856 (8th Cir. 1988).

Second, Plaintiff may not use the civil rights statutes as a substitute for *habeas corpus* relief. In other words, he cannot seek declaratory or injunctive relief relating to his confinement and/or conviction. *See e.g., Edwards v. Balisok*, 520 U.S. 641, 648 (1997); *Heck v. Humphrey*,

512 U.S. 477, 483-89 (1994); *Preiser v. Rodriquez*, 411 U.S. 475, 500 (1973) (habeas corpus is the exclusive remedy for prisoners attacking the validity of their conviction or confinement).

Third, "the Sixth Amendment right to a speedy trial attaches at the time of arrest or indictment, whichever comes first, and continues until the trial commences." *United States v. Sprouts*, 282 F.3d 1037, 1042 (8th Cir. 2002); s*ee also United States v. MacDonald,* 456 U.S. 1, 6 (1982) (Sixth Amendment attaches at arrest or formal accusation). While a formal accusation may be in the form of a complaint or information rather than an indictment, the Supreme Court has nevertheless narrowly defined the initiation of criminal prosecution for Sixth Amendment purposes to include "only 'a formal indictment or information or else the actual restraints imposed by arrest and holding to answer a criminal charge.'" *See United States v. Lovasco,* 431 U.S. 783, 788 (1977) (*quoting United States v. Marion,* 404 U.S. 307, 320 (1971)). The lodging of a detainer is not the "the functional equivalent of an 'arrest' for speedy trial purposes." *United States v. Jones*, No. Cr. 02-10110, 2003 WL 192135, *1 (D. Mass. Jan. 29, 2003). Therefore, the Sixth Amendment has no application to the alleged time delay between when the notice was given to Crawford County and the lodging of the detainer.

Fourth, the violation of a state procedural rule does not equate to a violation of federal constitutional law. *See e.g., Hodge v. Jones*, 31 F.3d 157, 168 (4th Cir. 1994) ("[A] State's violation of its own laws or procedural rules, creating rights beyond those guaranteed by the constitution, cannot support a federal due process claim"); *Adewale v. Whalen*, 21 F. Supp. 2d 1006, 1015 (D. Minn. 1998) (violation of state procedural rule does not constitute a violation of federal constitutional law).

Fifth, Plaintiff's official capacity claims against Sheriff are the equivalent of claims against Crawford County. "Official-capacity liability under 42 U.S.C. § 1983 occurs only when

a constitutional injury is caused by 'a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy.'" *Grayson v. Ross*, 454 F.3d 802, 810-811 (8th Cir. 2006) (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)). Plaintiff has not alleged the existence of any custom or policy of Washington County that was a moving force behind the alleged constitutional violations.

## IV. CONCLUSION

The claims asserted are subject to dismissal because they are frivolous, fail to state claims upon which relief may be granted, or are against individuals immune from suit. Therefore, this case is **DISMISSED WITHOUT PREJUDICE.** *See* 28 U.S.C. § 1915(e)(2)(B)(i-iii).

IT IS SO ORDERED on this 28th day of September 2017.

/s/ P.K. Holmes, III
P. K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE